UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 26, 2007

Memo to Counsel Re: *Tucker v. Sys. Specialist Furniture Installations, Inc., et al.*
Civil No. JFM-07-1357

Dear Counsel:

Defendants System Specialist Furniture Installation, Inc. and Michael and Sandra Peregoy have filed a motion to dismiss Count III of the First Amended Complaint in which Plaintiffs John Tucker and Charles Bennett seek treble damages for alleged violations of the Maryland Wage Payment and Collection Law ("MWPCL"). Specifically, Defendants contend that Plaintiffs John Tucker and Charles Bennett have failed to factually support their claims for treble damages in accordance with Md. Code Ann. Lab. & Empl. § 3-502 and § 3-505. Plaintiffs oppose this motion. For the reasons that follow, Defendants' motion to dismiss will be granted.

You both cite Judge Blake's opinion, *McLaughlin v. Murphy*, 372 F. Supp. 2d 465 (D. Md. 2004), in which she dismissed, as a matter of law, a claim for overtime pay brought under the MWPCL, reasoning:

> The MWPCL limits the availability of treble damages, however, to violations of § 3-502 or § 3-505. Section 3-502 deals with the timing of payment, and Section 3-505 deals with payment on cessation of employment. In contrast, [Plaintiff's] minimum wage and overtime claims are based on his entitlement to the wages themselves. He does not allege that [Defendant] failed to pay him regularly, but that [Defendant] failed to pay him enough; and [Plaintiff] does not allege that [Defendant] failed to pay him minimum wage and overtime due him upon his termination, but that [Defendant] failed to pay him these wages at all.

*McLaughlin*, 372 F. Supp. 2d at 474-75.

You also both cite my recent opinion, *Williams v. Maryland Office Relocators*, 485 F. Supp. 2d 616 (D. Md. 2007), in which I relied in part on *McLaughlin* to conclude that plaintiff's claims for treble damages under the MWPCL was without merit. *Williams*, 485 F. Supp. 2d at 621.

Similar to the plaintiff in *Williams*, Plaintiffs here try to distinguish *McLaughlin* by taking the position that their claims for compensation do not turn on the question of

-1-

whether overtime pay is due. (Pl.'s Opp. at 7.) However, despite Plaintiffs' attempts to persuade me otherwise, I find that the entirety of Plaintiffs claims for compensation, by their own articulation, do in fact relate to whether they are due overtime compensation for time spent commuting, waiting, and working through lunch and designated break periods. (First Am. Compl. ¶¶ 40-41.) I also find the case of *Friolo v. Frankel*, 373 Md. 501, 819 A.2d 354, 362 (2003), in which the Maryland Court of Appeals ruled that a plaintiff was entitled to bring overtime compensation claims under the Maryland Wage and Hour Law as well as MWPCL, distinguishable given that the overtime compensation claim of the plaintiff in *Friolo* became ripe only after her employment was terminated and her payment contract was not honored. It is for this reason that Defendant's motion to dismiss Count III of the First Amended Complaint is granted.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/
J. Frederick Motz
United States District Judge